IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS HERNANDEZ, ) | |
| ) | Civil Action No. 10 - 994 |
| Plaintiff, ) | |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| v. ) | |
| ) | |
| CAPT. EATON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Luis Hernandez, a *pro se* prisoner currently committed to the custody of the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution at Forest, located in Marienville, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. In his Complaint, Plaintiff complains that Defendant failed to take any action in response to his complaints that certain DOC employees used offensive, abusive and discriminatory language against him. Because this does not state a constitutional violation, it does not provide any basis for this Court to grant relief. Thus, for the reasons that follow, Defendant's Motion to Dismiss (ECF No. 13) should be granted.

A. Standard of Review

Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) (ECF No. 13). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled

to offer evidence to support his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir.2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

*Pro se* pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378, (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996). Thus, a complaint that sets forth facts that affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002); *see also* Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

B. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against Defendant pursuant to Civil Rights Act, 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff alleges that various non-defendants verbally harassed and/or threatened him, and that he told Captain Eaton, who did nothing in response. It is well established that allegations of threats or verbal harassment, without injury or damage, do not state a claim under 42 U.S.C. § 1983. *See, e,g*, Burkholder v. Newton, 116 Fed. App'x 358, 360 (3d Cir. 2004); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.) (mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations), *cert. denied*, 464 U.S. 998 (1983); Wilson v. Horn, 971 F.Supp. 943 (E.D. Pa. 1997) (verbal abuse and harassment, although not commendable, does not rise to the level of a constitutional violation), *aff'd*, 142 F.3d 430 (Table) (3d Cir. 1998). Moreover, there is no violation of a constitutional right even if prison guards are alleged to have made a racially disparaging remark. Morgan v. Ward, 699 F. Supp. 1025 (N.D.N.Y. 1988) (use of racial slurs do not support a claim under the Eighth Amendment); Williams v. Pecchio, 543 F.Supp. 878 (W.D.N.Y. 1982) (verbal harassment, including the use of the term "nigger," does not support a section 1983 claim).

No matter, then, how reprehensible the conduct alleged in the complaint may be, such conduct, if as alleged, is not violative of rights secured to the Plaintiff under the Constitution or the

laws of the United States. Accordingly, Defendant's Motion to Dismiss should be granted as to this claim.

Plaintiff further appears to complain that he was denied due process because Defendant allegedly failed to follow DOC procedures regarding reporting inmate harassment. Plaintiff misunderstands his due process rights. The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension. United States v. Jiles, 658 F.2d 194, 200 (3d Cir. 1981); Shango v. Jurich, 681 F.2d 1091, 1101-02 (7th Cir.1982) ("[A] state created procedural right is not itself a liberty interest.... States may decide to engage in such proceedings, but the due process clause does not compel them to do so because no constitutionally cognizable substantive interest of the prisoner is at stake."). Thus, a state does not violate an individual's federal constitutional right to procedural due process merely by deviating from its own established procedures. Hayes v. Muller, Civil No. 96-3420, 1996 WL 583180, *7 (E.D. Pa. Oct.10, 1996); Rowe v. Fauver, 533 F.Supp. 1239, 1246 n. 10 (D.N.J. 1982) ("a failure by state officials to follow state procedural regulations not independently required by the Constitution fails to state a claim under the Due Process Clause."). Thus, violations of state statutes or rules or regulations that require certain procedures, which are not compelled by the Federal Constitution because there is no liberty interest that those state mandated procedures protect, do not make out a claim under Section 1983. Accordingly, this claim fails to state a claim upon which relief can be granted. *Accord* Davis v. Wilson, Civil Action No. 08-589, 2009 WL 688912, 8 (W.D. Pa. March 12, 2009); Estrella v. Hogsten, Civil No. 06-1340, 2007 WL 2065879, 7 (M.D. Pa. July 16, 2007) (holding that mere failure of prison officials to follow their own regulations alone is not a constitutional violation). An appropriate order follows.

AND NOW, this 16th day of February, 2011;

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court mark this case **CLOSED**.

IT IS FURTHER ORDERED that any appeal from this order is **DEEMED** frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3).

                                                  Lisa Pupo Lenihan
                                                  United States Magistrate Judge, Chief

cc:    Luis Hernandez
        EU - 4026
        SCI Forest
        P.O. Box 945
        Marienville, PA 16239